UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JOHN DONALD KELSO, | Civil No.  09cv2569-DMS (CAB) |
|---|---|
| Petitioner, | |
| vs. | **ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |
| DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

Petitioner, proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has neither paid the filing fee nor filed a motion to proceed in forma pauperis. Although Petitioner indicates he is challenging a conviction from the Solano County Superior Court, he states that he is a civil detainee. Moreover, his claims appear to challenge the conditions of his confinement rather than the fact or duration of his confinement. The Petition is subject to dismissal because Petitioner has not satisfied the filing fee requirement, and because the Southern District of California is not the proper venue for any of Petitioner's claims.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, and the Court therefore **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

**VENUE**

To the extent Petitioner presents claims regarding problems he is facing in prison, such

claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of Petitioner's confinement. See 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." McGuire v. Blubaum, 376 F. Supp. 284, 285 (D. Ariz. 1974). In no way does Petitioner claim his state court conviction or civil commitment proceedings resulted in an incarceration which violates the Constitution or laws or treaties of the United States. Even assuming Petitioner is presenting, or could present, such a challenge, the Southern District of California is the not proper venue for his habeas claims.

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Petitioner is currently confined at Patton State Hospital, in Patton California. That institution is located in San Bernardino County, which is within the jurisdictional boundaries of the Central District of California, Eastern Division. 28 U.S.C. § 84(c)(1). His conviction or commitment arose in Solano County Superior Court, which is within the jurisdictional boundaries of the Eastern District of California. 28 U.S.C. § 84(b). Thus, habeas jurisdiction does not exist in the Southern District of California.

Moreover, it appears that Petitioner may be presenting challenges to the conditions of his confinement rather than to the fact or duration of confinement. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). To the extent Petitioner challenges the

conditions of his prison life, but not the fact or length of his custody, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

In addition, to the extent Petitioner is challenging the conditions of his confinement pursuant to 42 U.S.C. § 1983, this Court lacks jurisdiction. "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); Costlow, 790 F.2d at 1488; Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986).

Here, all the events which give rise to Plaintiff's claims regarding the conditions of his confinement occurred at Patton State Hospital, which is located in the Central District of California, Eastern Division, and not in the Southern District. Petitioner has identified no defendants who reside in the Southern District and no events which occurred here. Therefore, the Southern District lacks jurisdiction over Petitioner's conditions of confinement claims.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this case without prejudice for failure to satisfy the filing fee requirement and for lack of jurisdiction. The dismissal is without prejudice to Petitioner to file his habeas petition, or his complaint regarding the conditions of his confinement, in a District with proper jurisdiction. **IT IS HEREBY ADJUDGED THAT JUDGMENT BE ENTERED DISMISSING THE PETITION AND THE ACTION.**

**IT IS SO ORDERED.**

DATED: November 19, 2009

HON. DANA M. SABRAW
United States District Judge

CC: ALL PARTIES